12-1797-cv
Cais v. Town of East Haddam

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> AMALYA L. KEARSE,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

Milan Cais,

> *Plaintiff-Appellant*,

> v.                                                                          No. 12-1797-cv

Town of East Haddam, Donald Angersola, Keith Darin,

> *Defendants-Appellees*.

_____

For Plaintiff-Appellant:          MILAN CAIS, *pro se*, Moodus, CT.

For Defendants-Appellees:      KATHERINE E. RULE (Thomas R. Gerarde, *on the brief*), Howd & Ludorf, LLC, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Milan Cais, proceeding *pro se*, appeals from the district court's grant of summary judgment dismissing in its entirety Cais's complaint brought pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional right to due process. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, to the extent that Cais seeks to challenge the district court's grant of summary judgment dismissing his claims against Defendant-Appellee Keith Darin, Cais does not argue on appeal that the district court erred with respect to the claims against Darin, and indeed the judgment in favor of Darin was granted on the ground that Cais had formally withdrawn his claims against Darin. Thus, any challenge to the dismissal of the claims against Darin has been waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (applying the same principle to *pro se* litigants).

As for Cais's other claims, "[w]e review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005). "We will affirm the judgment only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." *Id.* "However, reliance upon

2

conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

An independent review of the record and relevant case law reveals that the district court properly granted summary judgment in favor of Defendants-Appellees Donald Angersola and the Town of East Haddam. We affirm for substantially the same reasons stated by the district court in its July 14, 2011 decision.

We also deny Cais's pending motion to file a supplemental appendix and for an extension of time to file a reply brief. With respect to the proposed appendix, Cais did not present the included photographs and commentary to the district court, so we cannot consider them on appeal. *See Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975) (noting that, absent extraordinary circumstances, this Court will not enlarge the record on appeal to include evidentiary material not presented to the district court). And a review of Cais's defectively-filed reply brief reveals that it would not change the above analysis, as it largely relies on the impermissible new evidence in the proposed supplemental appendix, making a late submission unnecessary.

We have considered all of Cais's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3